## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

**TERRANCE T. BROWN**         **CIVIL ACTION NO. 3:11-cv-1513**
    **LA. DOC # 432458**
**VS.**                                 **SECTION P**

                                       **JUDGE ROBERT G. JAMES**

**THE LOUISIANA SUPREME COURT**    **MAGISTRATE JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

*Pro se* petitioner Terrance T. Brown filed the instant pleading entitled "Emergency Writ of Mandamus" on August 18, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the River Bend Detention Center, Lake Providence, Louisiana. He is serving sentences imposed by Louisiana's Fourth Judicial District Court.  He asks this Court to order the Louisiana Supreme Court to act on a writ application he filed in September 2010. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the pleading be **DISMISSED WITH PREJUDICE.**

### *Background*

On January 31, 2006, petitioner was convicted of conspiracy to commit armed robbery; his fifteen year sentence was suspended and he was placed on probation by Louisiana's Fourth Judicial District Court.

On July 4, 2009, while on probation, he was charged with aggravated burglary, conspiracy to commit aggravated burglary, and possession of a firearm by a convicted felon.

On April 27, 2010, a probation revocation proceeding was convened and evidence adduced at that hearing established that petitioner had violated the conditions of his probation by engaging in the criminal conduct that resulted in the July 4, 2009, charges. Consequently, petitioner's probation was revoked and he was ordered to serve the previously suspended sentence. The charges filed in 2009 were then dismissed.

Petitioner sought review of his probation revocation in the Second Circuit Court of Appeals and on August 29, 2010, his writ application was denied on August 29, 2010. On September 29, 2010, petition filed an application for a writ of *certiorari* in Louisiana's Supreme Court.

On December 9, 2010, he filed a petition for writ of *habeas corpus* in this Court. See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885. In that proceeding he collaterally attacked the April 27, 2010, probation revocation proceeding which resulted in his present confinement.  On February 7, 2011, the undersigned recommended dismissal of the habeas corpus action because petitioner failed to exhaust available State court remedies prior to filing his petition. [3:10-cv-1885 at Doc. 6] On July 22, 2011, Judge Donald E. Walter dismissed petitioner's *habeas* action on that basis. [*Id*. at Doc. 12] On October 14, 2011, petitioner filed a motion to reopen or reinstate his *habeas* action and therein provided a copy of the Louisiana Supreme Court's writ denial dated October 7, 2011. [*Id*., Doc. 13 and 13-1; *See also State of Louisiana ex rel. Terrance T. Brown v. State of Louisiana,* — So. 3d —, 2011 WL 4948444, 2010-2335 (La. 10/7/2011).]

### *Law and Analysis*

Petitioner is asking this Court to order Louisiana's Supreme Court to act on his writ application which seeks review of the probation revocation proceeding that accounts for his present custody status.  Within months of this filing, the Louisiana Supreme Court ruled on the writ

application and therefore this action is moot.[1]

Nevertheless, even if the Court had not acted, dismissal would be appropriate since federal courts may not interfere with the state courts' application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner seeks to invoke the *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ...  have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (emphasis supplied) The Justices of the Louisiana Supreme Court are not "officers or employees of the United States." Plaintiff is clearly not entitled to *mandamus* relief.

Therefore,

**IT IS RECOMMENDED** that the instant "Emergency Writ of Mandamus" be **DISMISSED WITH PREJUDICE**.

---

[1] "'Mootness is 'the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).' " *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir.2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)). If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents. *In re Scruggs*, 392 F.3d at 128." *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519, 524-25 (5th Cir. 2008)

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 25, 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE